## City of New York v Zhili Chen

2024 NY Slip Op 33555(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 451275/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: | HON. JUDY H. KIM |
| | *Justice* |

PART 04

-----------------------------------------------------------------------------X

THE CITY OF NEW YORK, THE NEW YORK CITY TAXI
AND LIMOUSINE COMMISSION,

INDEX NO.     451275/2023

MOTION DATE     08/30/2023

          Plaintiffs,

MOTION SEQ. NO.     001

- v -

ZHILI CHEN,

**DECISION + ORDER ON MOTION**

          Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for           JUDGMENT - DEFAULT         .

Upon the foregoing documents, plaintiffs' motion for a default judgment is granted.

Plaintiffs bring this action pursuant to New York City Administrative Code §19-506, alleging that defendant, Zhili Chen, the owner of a 2011 White Ford Van bearing Vehicle Identification Number 1FDWE3FL8BDA29834, violated Administrative Code §19-506(b)(1) on three occasions within a thirty-six-month period. To wit, defendant pled guilty to two violations of this provision, on May 26, 2022 and October 3, 2022, respectively, and was found guilty of a third violation on December 6, 2022, after a hearing before the New York City Office of Administrative Trials and Hearings ("OATH"), which determination was affirmed on appeal.

Defendant having failed to answer, plaintiff now moves for a default judgment on its complaint. Defendant opposes the motion, submitting a notarized letter from East Buffet and Restaurant stating "[t]his is to verify that Zhili Chen picked up 13 customers from our restaurant

**451275/2023 THE CITY OF NEW YORK ET AL vs. CHEN, ZHILI**
Motion No. 001

**Page 1 of 4**

at 2:30 pm on December 06 2022 and drove them to Brooklyn. They arrived at 773 59 Street, Brooklyn NY 11220 at 3:20 pm the same day" (NYSCEF Doc. No. 24). In reply, plaintiffs argue that, to the extent defendant's opposition is intended to rebut OATH's determination that defendant was operating his vehicle as a taxicab, this argument was properly made before OATH and is precluded now, as a matter of collateral estoppel.

## DISCUSSION

To establish their entitlement to a default judgment pursuant to CPLR 3215, plaintiffs are required to submit proof of: (1) service of the summons and complaint; (2) the facts constituting the claim; and (3) defendant's default in answering or appearing (See Gordon Law Firm, P.C. v Premier DNA Corp., 165 NYS3d 691 [1st Dept 2022]).

Plaintiffs have established proper service through a Sheriff's Certificate of Service of personal delivery of the summons and complaint upon defendant (NYSCEF Doc. No. 3), proof that defendant was given notice of the instant motion by mail to his mailing address (NYSCEF Doc. No. 6), and proof that defendant is not on active duty in the armed forces of the United States (NYSCEF Doc. No. 21).

Plaintiffs have also submitted proof of the facts constituting the claim. New York City Administrative Code §19-506(b)(1) provides, as pertinent here, that it is unlawful to operate any vehicle "as a taxicab, ... or for-hire vehicle in the city, without first having obtained or knowing that another has obtained a license for such vehicle" and that if a vehicle owner is guilty of two or more such violations within a thirty-sixth-month period, "the interest of such owner in any vehicle used in the commission of any such second or subsequent violation shall be subject to forfeiture upon notice and judicial determination" (Admin. Code §§19-506[b][1], [h][2]). Plaintiffs'

**451275/2023   THE CITY OF NEW YORK ET AL vs. CHEN, ZHILI**
  **Motion No.  001**

**Page 2 of 4**

2 of 4

submission of the two settlement agreements defendant entered into with the New York City Taxi and Limousine Commission and OATH's Notice of Decision dated December 20, 2022 (See NYSCEF Doc. Nos. 9, 11, 14. 29), establish that plaintiff violated this statute on three occasions in an eight-month period.

Accordingly, the burden shifted to defendant to "demonstrate a reasonable excuse for [his] default and a meritorious defense" (PV Holding Corp. v AB Quality Health Supply Corp., 189 AD3d 645, 646-47 [1st Dept 2020] [internal citations omitted]), which he failed to do. Defendant offers no excuse for his default in answering the complaint and his sole defense raised is, as plaintiffs note, barred as a matter of collateral estoppel (See e.g, City of New York v Peters 2018 WL 3966572 [Sup Ct, NY County 2018]).

Accordingly, it is

**ORDERED** that the plaintiffs' motion for default judgment is granted; and it is further

**ORDERED** and **ADJUDGED** that defendant Zhili Chen may not lawfully own and/or possess the subject vehicle, the 2011 White Ford Van bearing Vehicle Identification Number 1FDWE3FL8BDA29834; and it is further

**ORDERED** and **ADJUDGED** that plaintiffs' custody and retention of the subject vehicle is both lawful and proper; and it is further

**ORDERED** and **ADJUDGED** that defendant's right, title, and interest in the subject vehicle are hereby forfeited pursuant to NYC Admin. Code §19-506(h) and further transferred to plaintiffs to be disposed of according to law.

**451275/2023   THE CITY OF NEW YORK ET AL vs. CHEN, ZHILI**
   **Motion No.  001**

**Page 3 of 4**

3 of 4

This constitutes the decision and order of the Court.

2024.10.07 15:09:JHK:M1C2BE88196C34126AC0F50F86E1C7A1E

**10/7/2024**
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**451275/2023  THE CITY OF NEW YORK ET AL vs. CHEN, ZHILI**
**Motion No.  001**

Page 4 of 4